UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TERRIA MCKNIGHT, | Case No. 3:22-cv-00497-ART-CLB |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS (ECF NO. 16) AND DENYING MOTION FOR SUMMARY JUDGMENT (ECF NO. 23) |
| v. | |
| NEVADA DEPARTMENT OF ADMINISTRATION, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Terria McKnight brings this action against two former employers, the Nevada Department of Administration and the Nevada State Department of Transportation, alleging they improperly fired her because of her race and disability status. Before the Court is Defendants' Motion to Dismiss (ECF No. 16), which argues, among other things, that Ms. McKnight has not properly served Defendants and that she failed to exhaust her administrative remedies prior to bringing her claims in federal court. Ms. McKnight has filed a Motion for Summary Judgment (ECF No. 23) seeking a declaration that Defendants have violated Ms. McKnight's due process rights.

The Court agrees that Ms. McKnight has failed to exhaust her administrative remedies and that each of her other federal claims is otherwise invalid. The Court therefore grants Defendants' Motion to Dismiss and denies Ms. McKnight's Motion for Summary Judgment as moot.

I. **Background**

The following is taken from Ms. McKnight's Complaint. (ECF No. 4.) Other documents are referenced only for context. All allegations in the Complaint are assumed true for purposes of this order.

Ms. McKnight is a black, disabled woman. (*Id.* at 3.) She was hired by the Nevada State Mail Service, an arm of the Nevada Department of Administration, on February 17, 2021 through the 700-hour program—"a State program that assists disabled persons certified to secure employment in state agencies." (*Id.* at 1, 3; ECF No. 1-1 at 7.) She was fired on March 16, 2021. (ECF No. 4 at 3.) Her supervisors did not give her a reason for her termination. (*Id.*) She was then hired by the Nevada Department of Transportation (NDOT) on August 9, 2021, and fired on September 17, 2021. (*Id.*)

At some point, Ms. McKnight filed a complaint with the Equal Employment Opportunity Commission (EEOC) and received a right-to-sue notice, granting her the right to sue in federal court. (*Id.* at 4.) She does not indicate the contents of her complaint, when she filed the complaint, or when she received the right-to-sue notice.

Ms. McKnight filed a complaint with this Court on November 4, 2022. (ECF No. 1-1.) Her Complaint does not assert a specific cause of action, but it does make passing reference to "Fourteenth Amendment Due Process[,] Substantive Due Process[,] . . . Title VII of the Civil Rights Act of 1964[,] Americans with Disabilities Act (ADA)[,] Administrative Procedure Act[,] 42 U.S. Code § 1983[,]" and a number of state law causes of action. (ECF No. 4 at 2.)

On January 24, 2023, after several failed attempts, Ms. McKnight served legal representatives of the NDOT, Nevada Department of Administration, and Nevada Office of the Attorney General. (ECF Nos. 13-15.)

II. **Legal Standards**

    a. (12(b)(5)—Insufficient Service of Process

A court may dismiss a plaintiff's complaint for improper service of process under Fed. R. Civ. P. 12(b)(5). To survive dismissal under 12(b)(5), service must comply with all applicable rules of federal civil procedure, including Fed. R. Civ. P. 4. On a motion challenging the adequacy of service, the plaintiff bears the

1 | burden of establishing that service was valid under the federal rules. *Brockmeyer*
2 | *v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

3 |         b. <u>12(b)(6)—Failure to State a Claim</u>

4 |     A court may dismiss a plaintiff's complaint for "failure to state a claim upon
5 | which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded
6 | complaint must provide "a short and plain statement of the claim showing that
7 | the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*
8 | *Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed
9 | factual allegations, it demands more than "labels and conclusions" or a
10 | "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556
11 | U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must
12 | be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus,
13 | to survive a motion to dismiss, a complaint must contain sufficient factual
14 | matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at
15 | 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard a district court
16 | must accept as true all well-pleaded factual allegations in the complaint and
17 | determine whether those factual allegations state a plausible claim for relief. *Id.*
18 | at 678-79.

19 |    III. **Discussion**

20 |         a. <u>Service of Process</u>

21 |     Defendants argue that dismissal is warranted because they were not
22 | properly served under the Federal Rules of Civil Procedure. A federal court may
23 | not exercise personal jurisdiction over a defendant who has not been served in
24 | accordance with the Federal Rules of Civil Procedure. According to Fed. R. Civ.
25 | P. 4(j)(2) state agencies, such as Defendants, can be served in one of two ways.

26 |     The first way a plaintiff can sue a defendant state agency is by "delivering
27 | a copy of the summons and of the complaint to [their] chief executive officer."
28 | Fed. R. Civ. P. 4(j)(2)(A). The "chief executive officer" of both the Nevada

1  Department of Administration and the Nevada State Department of
2  Transportation is the governor of the State of Nevada. *Uranga v. Adams*, 2011
3  WL 147909, at *4 (D. Nev. 2011) ("A state-created governmental organization
4  must be served by service on the chief executive officer (the governor) . . . .");
5  *Hamer v. Nevada Department of Employment, Rehabilitation and Training*, 2018
6  WL 1567850, at *2 (D. Nev. 2018) (Dismissing complaint against state agency
7  because plaintiff could not prove he served the state's governor); *Bey v. Nevada*,
8  2019 WL 4784604, at *3 (D. Nev. 2019) ("Under [Fed. R. Civ. P. § 4(j)(2)(A)],
9  service may be effected by serving the summons and complaint on the current
10 governor."); *Morgan v. Nevada ex. rel. Department of Business and Industry*, 2021
11 WL 3185776, at *2 (D. Nev. 2021) (holding that Fed. R. Civ. P. § 4(j)(2)(A) requires
12 plaintiffs to serve the state governor and not the heads of the defendant state
13 agencies). Because Ms. McKnight has not provided proof that she served the
14 Nevada state Governor, she has not effected service under § 4(j)(2)(A). *See*
15 *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (plaintiff bears the burden
16 of proving compliance with federal service requirements).

17 The second way a plaintiff can serve state agency defendants is by
18 complying with that state's service laws. Fed. R. Civ. P. 4(j)(2)(B). Under Nevada
19 law, a plaintiff suing a state agency must serve both the Nevada Attorney General
20 and the "administrative head of the named agency." NRS § 41.031(2)(a)-(b). To
21 serve the Nevada State Department of Transportation, a plaintiff must serve the
22 Attorney General, the head of the agency, *and* the Governor of Nevada. *Id.*; NRS
23 408.116(1).

24 Ms. McKnight has served designated legal representatives of the Nevada
25 Department of Transportation, the Nevada Department of Administration, and
26 the Nevada Office of the Attorney General. (ECF Nos. 13-15.) She has therefore
27 effected proper service of the Nevada Department of Administration under Fed.
28 R. Civ. P. 4(j)(2)(B). Because she has not provided proof of service for the

Governor of Nevada, she has not properly served the NDOT, and dismissal of her claims against NDOT is proper.

      b. <u>Exhaustion</u>

Even if Ms. McKnight had properly served the NDOT, none of her federal claims against either agency could survive Defendants' Motion to Dismiss. Defendants argue in their Motion to Dismiss that Ms. McKnight has failed to exhaust her administrative remedies before filing her Title VII and ADA claims in this Court. The Court agrees and concludes that her ADA and Title VII claims must be dismissed.

The ADA and Title VII both require a plaintiff to exhaust her administrative remedies before filing a claim in federal court. *See* 42 U.S.C. §§ 200e—5 (Title VII's exhaustion requirements); 42 U.S.C. § 12117(a) (ADA's adoption of Title VII's exhaustion requirements). This requires a plaintiff to file a complaint with the EEOC within 180 days of any alleged unlawful employment practice, 42 U.S.C. § 2000e-5(e)(1); *see Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999). If the EEOC finds that suit is warranted, it will issue a right-to-sue letter, which gives the plaintiff the authority to bring her suit in federal court. Any suit must be brought "within ninety days from the issuance of the right to sue letter by the EEOC," *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir. 1986), and any complaint in federal court must be sufficiently tied to the issues raised in the complaint to the EEOC, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (citations omitted) (Federal courts may only consider claims "like or reasonably related to the allegations contained in the EEOC charge."). Because the exhaustion requirements under Title VII and the ADA are "mandatory" claims processing rules, a court "must enforce" them if a party "properly raise[s] [them]." *See Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849, 1851 (2019) (citations omitted).

1 Ms. McKnight alleges that the EEOC gave her a right-to-sue letter, but she makes no other allegations related to the exhaustion of her administrative remedies. (ECF No. 4 at 4.) She does not indicate when she filed her complaint with the EEOC, what she complained of, or when her right-to-sue letter was issued. Without these facts, the Court cannot determine whether the statutory requirements of Title VII and the ADA have been satisfied or whether it has jurisdiction over her claims. It must therefore dismiss her Title VII and ADA claims.

Ms. McKnight appears to assert two other federal claims, but they cannot survive Defendants' Motion to Dismiss either. Ms. McKnight suggests that she may be bringing a claim pursuant to 42 U.S.C. § 1983. (ECF No. 4 at 2.) If she is, that claim must be dismissed, because a § 1983 claim can only be brought against a "person." 42 U.S.C. § 1983. State agencies, such as Defendants, are not "persons" for purposes of § 1983. *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (holding that a suit against California and the Judicial Council, a state agency, could not be sued under § 1983 because they were not "persons"). To the extent that Ms. McKnight alleges some violation of her constitutional rights (*see* ECF No. 2), those complaints cannot survive absent a cause of action, such as § 1983, through which to channel them. Ms. McKnight alleges no valid cause of action, so any claims she has related to substantive and procedural due process must also be dismissed.

Similarly, Ms. McKnight's claim under the Administrative Procedures Act cannot survive because the APA does not apply to state agencies. 5 U.S.C. § 701(b)(1) (defining agency as "each authority of the Government of the United States"); *see also Southwest Williamson County Community Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies."); *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or

6

municipal agencies."). Nor has Ms. McKnight alleged any final agency action or other flaw that could be challenged under the APA.

In sum, the Court dismisses Ms. McKnight's claims under Title VII and the ADA because she failed to demonstrate through her Complaint that she exhausted her administrative remedies. The Court dismisses her claims under § 1983 and the APA because she cannot bring them against state entities such as Defendants. It dismisses any existing federal constitutional claims because she has not asserted a cause of action that can support those claims against these Defendants.

Because Ms. McKnight has no remaining federal claims, the Court elects to avoid exercising jurisdiction over her state law claims. 28 U.S.C. § 1367(c)(3); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (district courts have discretion not to retain jurisdiction over state law claims once federal claims have been dismissed). Any claims involving Nevada law and implicating arms of the Nevada government are better be addressed in state court, absent a federal cause of action anchoring them to this Court. The Court therefore dismisses Ms. McKnight's state claims as well.

IV.   **Conclusion**

**It is therefore ordered** that Defendants' Motion to Dismiss (ECF No. 16) is granted, and Ms. McKnight's Complaint (ECF No. 4) is dismissed without prejudice. Ms. McKnight may submit a new complaint asserting ADA and Title VII claims, if she is able to allege facts demonstrating that she exhausted her administrative remedies. At a minimum, Ms. McKnight's updated complaint must indicate (1) the date she filed her complaint to the EEOC, (2) the contents of that complaint, (3) the date she received her right-to-sue letter. If Ms. McKnight is able to sufficiently assert her two remaining federal claims, she may also assert any related state law claims. The Court cautions that including any

of the above allegations does not guarantee that Ms. McKnight will prevail on a subsequent motion to dismiss.

If Ms. McKnight wishes to assert any of the above claims against the NDOT, she must also provide the Court with proof of service of the Nevada governor or his designated representative.

Ms. McKnight will have until January 29, 2024 to comply with the above instructions, or the Court will close her case.

**In light of this dismissal, it is further ordered** that Ms. McKnight's Motion for Summary Judgment (ECF No. 23) is denied as moot.

Dated this 29th Day of December 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE