UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRIA MCKNIGHT,<br><br>                         Plaintiff,<br>v.<br>NEVADA DEPARTMENT OF ADMINISTRATION, *et al.*,<br><br>                        Defendants. | Case No. 3:22-cv-00497-ART-CLB<br><br>ORDER CLOSING CASE |

*Pro se* Plaintiff Terria McKnight brings this action against two former employers, the Nevada Department of Administration and the Nevada State Department of Transportation, alleging they improperly fired her because of her race and disability status. In December 2023, the Court granted Defendants' motion to dismiss and dismissed McKnight's complaint without prejudice, finding that McKnight failed to exhaust her administrative remedies and that each of her federal claims are invalid. (ECF No. 41.) The Court gave McKnight 30 days to file a new complaint sufficiently asserting her remaining federal claims. (*Id.*) Plaintiff did not file a new complaint, but instead filed a response to the order. (ECF No. 42.) The Court construes this response as a motion to reconsider its order granting the motion to dismiss. For the following reasons, the Court denies McKnight's motion and closes this case.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59-1(a). A district court also "possesses the inherent

1  procedural power to reconsider, rescind, or modify an interlocutory order for
2  cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los*
3  *Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.
4  2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*,
5  727 F.3d 950, 955 (9th Cir. 2013).

6  In the motion, McKnight states that she cannot afford to continue the case
7  due to financial hardship. (ECF No. 42 at 1.) McKnight also argues that she did
8  exhaust administrative remedies and that she complied with service
9  requirements. (*Id.* at 2-3.) McKnight has not presented newly discovered
10 evidence, shown that the Court committed clear error or that the initial decision
11 was manifestly unjust, or argued that there has been an intervening change in
12 controlling law. The Court therefore denies McKnight's motion to reconsider.

13 The Court directs the Clerk of Court to close this case and enter judgment
14 accordingly.

16 Dated this 12th day of November 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2